UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **THOMAS O'HERN AND MONIQUE O'HERN,**<br><br>　　Plaintiffs,<br><br>v.<br><br>**WARSAW TRANSPORTATION, LLC and KEVIN HALL,**<br><br>　　Defendants. | **Civil Action No. 1:22-CV-185**<br><br>**JURY DEMAND** |

# COMPLAINT

**COMES NOW** the Plaintiffs, Thomas and Monique O'Hern, by and through counsel, and hereby bring this cause of action for injuries and damages against the Defendants as hereinafter described and respectfully represent as follows:

## PARTIES, JURISDICTION, AND VENUE

1.　Plaintiffs are residents of Florida, residing at 6032 Twin Lake Drive, Oviedo, Florida 32765.

2.　Defendant Warsaw Transportation, LLC is an Indiana corporation, with its principal place of business at 2749 N Fox Farm Rd, 46580, PO Box 4527, Warsaw, IN 46581-4527. Defendant Warsaw Transportation, LLC maintains a BOC-3 agent for service of process in Tennessee through the Federal Motor Carrier Safety Administration (FMCSA) as Katrina Gibson, 1726 Carroll Road, Morristown, TN 37813, and can be served with process at that address.

3.　Defendant Kevin M. Hall is a resident of Indiana, residing at 10214 Chestnut Plaza Dr. Apt. 182, Fort Wayne, IN 46814-8970 and can be served with process at that address.

Defendant Kevin M. Hall is also a non-resident motorist who may be served through the non-resident motorist statute.

4. Plaintiffs are citizens of the State of Florida.

5. Defendant Kevin Hall is a citizen of the State of Indiana.

6. Defendant Warsaw Transportation, LLC does business in the State of Tennessee, including but not limited to transporting commerce in and through the State of Tennessee on a regular and continuing basis and is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203; 20-2-214; and, 20-2-223.

7. Defendant Warsaw Transportation, LLC is a for-hire motor carrier operating a tractor trailer while transporting property in interstate commerce at the time of the wreck.

8. Defendant Warsaw Transportation, LLC is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203; 20-2-214; and, 20-2-223(a)(3).

9. Notice per the Tennessee Non-Resident Motorist Act is hereby provided that Defendants are required to appear in Tennessee for purposes of giving a pretrial discovery deposition(s) (T.C.A. § 20-2-203).

10. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

11. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), as the claims for relief involve citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs/attorney fees.

12. Venue is proper in the Chattanooga Division of the Eastern District of Tennessee because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTS

13. On or about November 2, 2021, in the afternoon, Plaintiff Thomas O'Hern was driving a 2013 Honda CR-V traveling South on I-24 in Hamilton County, Tennessee. Plaintiff Monique O'Hern was riding as a guest passenger in the vehicle.

14. At the above-described time and place, Defendant Kevin Hall, in the course and scope of his employment with Defendant Warsaw Transportation, LLC, was operating a commercial motor vehicle also traveling in the lane behind the Plaintiff.

15. The commercial motor vehicle being operated by Defendant Kevin Hall was a 2019 Ford Super Duty.

16. The commercial motor vehicle operated by Defendant Kevin Hall was a 2019 Ford Super Duty owned by Defendant Warsaw Transportation, LLC.

17. At the above-described time and place, the traffic was alternatively moving and stopping.

18. Plaintiff Thomas O'Hern slowed his vehicle to a stop due to the slowing traffic in front of him coming to a stop.

19. At the above-described time and place, Defendant Kevin Hall was following too closely and suddenly and without warning, failed to stop and/or failed to avoid the vehicle being driven by Plaintiff Thomas O'Hern and collided with the rear of his vehicle.

20. The impact pushed the O'Hern vehicle into the vehicle in front of them.

21. Immediately after the impact, Defendant Hall apologized and produced paperwork to show he was working for Defendant Warsaw Transportation.

22. At all times relevant to this action, Defendant Warsaw Transportation, LLC was subject to the minimum safety standards established by the Federal Motor Carrier Safety

Regulation (FMCFR), either directly or as adopted by the Tennessee Department of Safety, Division of Commercial Vehicle Enforcement, Rules and Regulations § 1340-06-01-.08, pursuant to T.C.A. § 65-15-106.

23. Defendant Warsaw Transportation, LLC independently and through its agents, was required to obey the FMCSR at the time of the collision and at all other material times prior to the wreck.

24. At all material times herein described, Defendant Kevin Hall was acting in the course and scope of his employment with Defendant Warsaw Transportation, LLC. In addition and/or in the alternative, Defendant Kevin Hall was acting under a lease agreement with Defendant Warsaw Transportation, LLC.

25. At all relevant times, Defendant Kevin Hall was employed jointly as a statutory employee by Defendant Warsaw Transportation, LLC (49 U.S.C. § 14102(s); 49 C.F.R. § 376.12-376.22, 49 C.F.R. §390.5). Defendant Kevin Hall was an agent thereof, acting in the course and scope of such employment. As a result, any negligence on the part of Defendant Kevin Hall and/or any negligent acts committed by him, may be attributed to Defendant Warsaw Transportation pursuant to the doctrine of agency/master-servant/joint employee/borrowed servant/respondeat superior, and other applicable law.

26. Defendant Warsaw Transportation, LLC is responsible for the acts, negligent, omissions, and conduct of Defendant Kevin Hall in the operation of the commercial vehicle, pursuant to respondeat superior, agency/master-servant/joint employee/borrowed servant, and other applicable law, and/or the provisions of the Federal Motor Carrier Act, including but not limited to provisions governing leasing requirements.

**CAUSE OF ACTION AGAINST DEFENDANTS**

27. Plaintiffs Thomas and Monique O'Hern were injured as a direct result of the negligent acts, omission(s), and conduct on the part of Defendant Kevin Hall, including but not limited to the following:

    a. Failing to use reasonable care to avoid a collision;

    b. Failing to keep a proper lookout ahead;

    c. Following too closely;

    d. Driving too fast for the conditions;

    e. Failing to maintain a reasonably safe speed;

    f. Failing to see what he should have seen;

    g. Failing to exercise due care;

    h. Reckless driving;

    i. Being negligent under the circumstances and conditions then existing;

    j. Failing to operate the vehicle as an ordinary and prudent person would have done under the then existing traffic conditions;

    k. Failing to operate his vehicle with due care and in a manner considerate of the safety and lives of the other persons lawfully on the road;

    l. Failing to keep the vehicle under due and proper control;

    m. Driving the vehicle at an excessive rate of speed for then existing traffic conditions;

    n. Driving the vehicle while distracted;

    o. Failure to obey traffic laws in violation of Tenn. Code Ann. §55-8-103;

    p. Following behind Plaintiff's vehicle too closely, at a distance less than what was reasonable and prudent when considering the speed of the vehicles and existing

traffic conditions, in violation of his common law duties and Tenn. Code Ann. §55-8-124.

q. Violation of Tenn. Code Ann. §55-8-136 – Drivers to Exercise Due Care;

r. Violation of Tenn. Code Ann §55-8-197-Failure to Yield Right-Of-Way;

s. Violation of Tenn. Code Ann. §55-10-205 - Reckless Driving;

t. Negligence *per se;* and

u. Such other acts of negligence which will be shown at the trial of this matter and which are copied herein *in extenso.*

28. The wreck further occurred as a direct and proximate result of the following acts, omissions, and conduct on the part of Defendant Warsaw Transportation, LLC:

a. Negligence in hiring and/or contracting with Defendant Kevin Hall to drive their commercial motor vehicle;

b. Negligence in failing to adequately supervise Defendant Kevin Hall;

c. Negligence in failing to train Defendant Kevin Hall to properly and safely drive their commercial motor vehicle;

d. Negligence in entrusting a commercial motor vehicle to Defendant Kevin Hall;

e. Recklessness in hiring, training, supervising and retaining Defendant Kevin Hall; and,

f. All other allegations of fact and fault alleged herein, which is hereby incorporated by reference.

29. Defendants will be show at trial to have violated the provisions of the FMCSR, which constitutes *negligence per se.*

**DAMAGES**

Page **6** of **8**

Case 1:22-cv-00185-CHS   Document 1   Filed 07/12/22   Page 6 of 8   PageID #: 6

traffic conditions, in violation of his common law duties and Tenn. Code Ann. §55-8-124.

q. Violation of Tenn. Code Ann. §55-8-136 – Drivers to Exercise Due Care;

r. Violation of Tenn. Code Ann §55-8-197-Failure to Yield Right-Of-Way;

s. Violation of Tenn. Code Ann. §55-10-205 - Reckless Driving;

t. Negligence *per se;* and

u. Such other acts of negligence which will be shown at the trial of this matter and which are copied herein *in extenso.*

28. The wreck further occurred as a direct and proximate result of the following acts, omissions, and conduct on the part of Defendant Warsaw Transportation, LLC:

a. Negligence in hiring and/or contracting with Defendant Kevin Hall to drive their commercial motor vehicle;

b. Negligence in failing to adequately supervise Defendant Kevin Hall;

c. Negligence in failing to train Defendant Kevin Hall to properly and safely drive their commercial motor vehicle;

d. Negligence in entrusting a commercial motor vehicle to Defendant Kevin Hall;

e. Recklessness in hiring, training, supervising and retaining Defendant Kevin Hall; and,

f. All other allegations of fact and fault alleged herein, which is hereby incorporated by reference.

29. Defendants will be show at trial to have violated the provisions of the FMCSR, which constitutes *negligence per se.*

**DAMAGES**

30. Plaintiffs sustained severe injuries in this wreck as a direct and proximate result of the negligence of the Defendants.

31. As a direct and proximate result of the negligence of the Defendants, Thomas and Monique O'Hern sustained permanent injury, physical pain and mental suffering, disfigurement, loss of enjoyment of life, property damage, and loss of consortium. They experienced pain and suffering and will continue to experience pain and suffering in the future. They incurred medical expenses and will continue to incur medical expenses in the future.

32. For his injuries, pain and suffering, medical expenses, loss of consortium, permanent disability, loss of enjoyment of life, property damage, and all other damages which may be shown by the evidence, Plaintiffs are entitled to recover damages from the Defendants, in a reasonable sum to be determined by a jury at trial, plus the costs of this cause.

33. The statutory cap on general damages does not apply to this case, as will be shown by the evidence.

34. To the extent Defendant(s) is/are found to have acted maliciously, intentionally, fraudulently or reckless, Plaintiffs are further entitled to have and recover punitive damages as determined by the trier of fact.

**JURY DEMAND**

35. The Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs demand:

a. Judgment against Defendants herein for compensatory, punitive, general, and special damages;

b. That a jury be empaneled to try the issues when joined; and

c. Such other and further relief as may be just, proper, and reasonable in the premises.

Respectfully submitted,

**THE HAMILTON FIRM**

By: */s/ Patrick A. Cruise*
**PATRICK A. CRUISE, BPR #024099**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 634-0874
Email: pac@thehamiltonfirm.com